## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Sydney Whittington**
**Plaintiff,**

**vs.**                                                                    **Case No.**  2:16-cv-08748

**Cavalry SPV I, LLC A.K.A.**
**Cavalry SPV II, LLC,**
**Cavalry SPV II, LLC A.K.A.**
**Cavalry SPV I, LLC**
**Defendant.**

### COMPLAINT

1.  The Plaintiff, Sydney Whittington, is a resident Kanawha County, West Virginia.

2.  The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia
    Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies
    set forth in Article 5 of the WVCCPA.

3.  The Defendant, Cavalry SPV I, LLC, Cavalry SPV II, LLC, is a corporation having its
    principal offices in a state other than West Virginia and which does business in West
    Virginia.

4.  The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d)
    engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-
    2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

5.  The Plaintiff cellular telephone has a voicemail system which clearly provides that the
    callers has reached Sydney, and directs the caller to leave a message.

6.   Cavalry SPV I, LLC, Cavalry SPV II, LLC, the Defendants began debt collection efforts
    against the Plaintiff cellular telephone number for a debt she did no owe, and called her
    phone number several times, including leaving messages on her voicemail.

1

7. The Defendants kept asking for Lisa Baldwin.

8. The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in connection with this consumer dispute.

9. In the letter the Plaintiff mailed the Defendant, the Plaintiff requested the Defendant stop calling the Plaintiff and provided the Defendant with the Plaintiff's telephone numbers so the Defendant knew which numbers to stop calling.

10. The Defendants never had authorization to call Plaintiff's cell phone and yet did so repeatedly.

11. The Defendants repeatedly ignored a voicemail message which informed them that they had reached Sydney in order to leave debt collection messages for other customers.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

12. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

13. The Defendants have engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by attempting to collect a debt from the Plaintiff she did not owe and placing telephone calls to collect a debt from the Plaintiff she did not owe in violation of *West Virginia Code* §46A-2-125;

14. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

15. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16. The Plaintiff is a "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

17. The Defendants, Cavalry SPV I, LLC, Cavalry SPV II, LLC, are a "person" as defined by West Virginia Code §61-3C-3(n) as Defendants is a "limited partnership, trust association or corporation."

18. The Defendants, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiff after it became clear to the Defendants or should have become clear that they were calling the wrong number in violation of *West Virginia Code* §61-3C-14a(a)(2).

19. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

20. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

21. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

22. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

23. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

3

24. The Defendants made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* §61-8-16(a)(3).

25. The Defendants' actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

26. The Plaintiff was injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiff was injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff have a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

27. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

28. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29. Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA and the TCPA as alleged in Counts I and V.

30. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

4

### COMMON LAW INVASION OF PRIVACY

31. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32. The Plaintiff has, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

33. The acts of the Defendants in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

34. As a result of the Defendants' actions, the Plaintiff suffered emotional distress.

35. As a result of the Defendants' action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT V

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

37. The Defendants used a predictive or otherwise automated dialer system to call the Plaintiff.

38. The predictive dialer system resulted numerus calls being placed by the Defendants to the Plaintiff's cell phone

39. The Plaintiff never provided and consent to call her cell phone and it was clear or should have been clear to the Defendants that they had the wrong number when they got Plaintiff's voicemail stating that they have reached "Sydney."

40. As a result of the Defendant's actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

   a. Making calls to the Plaintiff's cellular telephone by means of an automatic dialing system.

5

41. The Defendants' violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiff repeatedly removed his consent to call his cell phone, and the Defendant ignored him.

42. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e. $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f. $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g.  The Plaintiffs be granted general damages and punitive damages for Defendant's conduct

alleged in Count III, IV.

h.  Such other relief as the Court shall deem just and proper under the attendant

circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**SYDNEY WHITTINGTON**
BY COUNSEL

BY:     /s/ Benjamin Sheridan
        Benjamin M. Sheridan (# 11296)
        Daniel K. Armstrong (#11520)
        Mitchell Lee Klein (# 2071)
        *Counsel for Plaintiff*
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        (304) 562-7111
        Fax: (304) 562-7115

7